UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK TAYLOR,

    Plaintiff,

v.

                                                    Civil Action No. 11-14051
                                                    Honorable Denise Page Hood

PRAXAIR,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS COMPLAINT

**I.    BACKGROUND**

On September 16, 2011, Plaintiff Kendrick Taylor filed the instant action against Defendant Praxair alleging a claim under Title VII of the Civil Rights Act of 1964 for employment discrimination. (Comp., ¶ 1) Taylor filed a claim before the Equal Employment Opportunity Commission ("EEOC") on August 20, 2009. (Comp., ¶ 7) The EEOC issued a Notice of Right to Sue on July 5, 2011. (Comp., ¶ 8) Taylor filed the instant complaint within the 90 day period required by 42 U.S.C. § 2000e-5. (Comp., ¶ 8) Taylor asserts he was terminated from his employment by Praxair, but fails to assert the discriminatory act alleged by Praxair. (Comp., ¶¶ 9-10) Taylor marked on the Civil Cover Sheet the nature of the suit was the Fair Labor Standards Act. (Comp. Cover Sheet) Taylor did not attach to his Complaint a copy of the charge submitted to the EEOC.

On October 13, 2011, the Court granted Taylor's Application to Proceed *In Forma Pauperis* and request for service by the U.S. Marshal. (10/13/2011 Order) The U.S. Marshal acknowledged receipt of the request for service and mailed the Complaint on October 17, 2011 to Praxair. (Doc. No. 5; DE 10/17/2011) On March 7, 2012, the Summons was returned unexecuted as to Praxair

indicating that there was no response received from Praxair by the U.S. Marshal Service. (DE 3/7/2012)

This matter is before the Court on Praxair's Motion to Dismiss the Complaint for insufficient service of process and failure to state a claim upon which relief can be granted filed on November 4, 2011. No response was filed to the motion, but Taylor appeared and argued at the hearing on January 25, 2012.

## II.     ANALYSIS

### A.     Motion to Dismiss for Insufficient Service under Rule 12(b)(5)

Praxair acknowledged receipt of the package mailed by the U.S. Marshal Service on October 17, 2011 sent via priority mail with delivery confirmation. (Ex. 1 to Motion) Praxair argues that the service was insufficient because it was not sent via certified mail or registered mail as required by the Michigan Court Rules 2.105(D). Praxair requests dismissal for insufficient service. Taylor responded at the hearing that he followed the guidelines regarding service.

A motion to dismiss under Rule 12(b)(5) challenges the mode serving the summons and complaint. *See Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 520-21 (6th Cir. 2006). (E.D. Mich. 2000). A plaintiff is responsible for serving the summons and complaint under the Rules of Civil Procedure Rule 4. Fed. R. Civ. P. 4(c)(1). A corporate entity must be served as required under Rule 4(h), which includes the manner prescribed under state law within the judicial district. Fed. R. Civ. P. 4(h)(1)(A). Michigan law provides service to a corporate entity by certified or registered mail. M.C.R. 2.105(D). Unless the summons and complaint are served on a defendant within 120 days after the complaint is filed, the action must be dismissed without prejudice. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for the failure to serve within the 120 days, then the court must

extend the time for service for an appropriate service. Fed. R. Civ. P. 4(m). Where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996). Failure by the district court and the Marshals Service to carry out their duties constitutes good cause under Rule 4. *Byrd,* 94 F.3d at 220; *Donaldson v. United States,* 35 Fed. Appx. 184, 185 (6th Cir 2002); *Garcia v. Rushing,* 2012 WL 646067 at *4 (N.D. Ohio Feb. 28, 2012)(unpublished).

As noted above, Taylor was granted *in forma pauperis* status by the Court and that the United States Marshal was directed to serve a copy of the summons and complaint to Praxair. The United States Marshal did so, but not by certified or registered mail, as required by the Michigan Court Rules. However, Praxair received the documents, as evidenced by Exhibit 1 to its Motion to Dismiss. Praxair did not return the acknowledgment of the receipt of the summons and complaint, even though it received such summons and complaint. The United States Supreme Court explained that the central function of service of process under Rule 4 is to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *See Henderson v. United States,* 517 U.S. 654, 672 (1996).

The Court finds that Taylor has shown good cause for not properly serving Praxair. Although the United States Marshal mailed copies of the summons and complaint to Praxair, it apparently was not sent by certified or registered mail. However, the Court finds that Praxair is not prejudiced by the failure to mail the summons and complaint by certified or registered mail since

3

Praxair did receive the summons and complaint. Praxair received notice of the pendency of this legal action which afforded Praxair the opportunity to answer the complaint and present defenses and objections, which it did when Praxair filed the instant motion. Praxair's Motion to Dismiss under Rule 12(b)(5) for insufficient mode of service is denied.

### B. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

#### 1. Standard of Review

Alternatively, Praxair seeks to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. As noted above, Taylor did not file a written response to the motion, but argued at the hearing.

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement,"

but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

    **2.**    **Discrimination Claim**

Praxair argues that Taylor has failed to plead the required elements to establish a cause of action for discrimination, arguing that Taylor's Complaint does not allege the requirements for a *prima facie* case of discrimination, noting the elements under *Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir. 1992), based on the burden shifting analysis set forth in *McDonnell Douglas*

5

*Corp. v. Green,* 411 U.S. 792, 801 (1973). A complaint need not, however, plead facts establishing each element of the *prima facie* case under *McDonnell Douglas* since the burden shifting analysis "is an evidentiary standard, not a pleading requirement." *Lindsay v. Yates,* 498 F.2d 434, 439 (6th Cir. 2007), quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002).

Liberally construing the form-Complaint filed by Taylor, the Court finds that he alleged discrimination based on the Fair Labor Standards Act as marked by Taylor on the Civil Cover Sheet. The Court agrees this allegation is thin. Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, if a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). The Court will allow Taylor to amend his Complaint. The Court is unable to determine at this time whether or not an amendment to the Complaint would be futile.

Taylor must file an Amended Complaint, specifically stating the discrimination alleged, the facts supporting the discrimination, and a copy of the charge (complaint or papers) submitted to the EEOC. The Amended Complaint must be filed by October 31, 2012. Praxair must file a responsive pleading within the time to file such a pleading under the Federal rules. The Court denies, without prejudice, Praxair's Motion to Dismiss under Rule 12(b)(6).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss **(Doc. No. 6)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff file an Amended Complaint, specifically stating the discrimination alleged, the facts supporting the alleged discrimination, and copies of the charge submitted to the EEOC **by October 31, 2012.**

IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by October 31, 2012, **the action is subject to dismissal for failure to prosecute** or any other reason, upon an appropriate motion by the defense.  Plaintiff is notified that the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).  *Pro se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).  Courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines and grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 27, 2012

I hereby certify that a copy of the foregoing document was served upon Kendrick Taylor, 42419 Old Bridge Road, Canton, MI 48188 and counsel of record on September 27, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager