UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK TAYLOR,

    Plaintiff,                                  Case No. 11-14051
                                                Honorable Denise Page Hood

v.

PRAXAIR,

    Defendant.
_____/

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

**I.    BACKGROUND**

Plaintiff Kendrick Taylor, proceeding *pro se* and *in forma pauperis,* filed the instant action against Defendant Praxair alleging a claim under Title VII of the Civil Rights Act of 1964 for employment discrimination on September 16, 2011. (Comp., ¶ 1) Taylor filed a claim before the Equal Employment Opportunity Commission ("EEOC") on August 20, 2009. (Comp., ¶ 7) The EEOC issued a Notice of Right to Sue on July 5, 2011. (Comp., ¶ 8) Taylor filed the instant complaint within the 90 day period required by 42 U.S.C. § 2000e-5. (Comp., ¶ 8) Taylor asserts he was terminated from his employment by Praxair, but fails to assert the discriminatory act alleged by Praxair. (Comp., ¶¶ 9-10) On September 27, 2012, the Court entered an Order denying Praxair's Motion to Dismiss for insufficient service and failure to state a claim upon which relief may be granted. (Doc. No. 9) A scheduling conference was held and a Scheduling Order issued on December 21, 2012. (Doc. No. 14)

This matter is before the Court on Praxair's Motion for Judgment on the Pleadings and Motion to Stay the litigation pending a ruling on the dispositive motion. No response to either motion was filed by Taylor, but he appeared at the hearing and presented oral arguments.

## II. ANALYSIS

### A. Standard of Review

Rule 12(c) of the Rules of Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion to dismiss once pleadings are closed may be granted on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law. *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 613 (6th Cir. 2009). The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* Rule 8(a)(2) provides a pleading states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

II.   **ANALYSIS**

Praxair moves to dismiss Taylor's Complaint asserting that he is judicially estopped from raising his discrimination claims before this Court because he filed a bankruptcy action and allowed the Bankruptcy Court to discharge his debts while withholding the fact that he may have a potential asset resulting from this discrimination claim. Taylor argues that his bankruptcy counsel was aware of the claim. Taylor asserts that he has attempted to contact his bankruptcy counsel, but was told

3

that counsel has died. Taylor claims that another counsel is willing to assist him in seeking to reopen his bankruptcy action, but there was not sufficient time to do so prior to the hearing.

The doctrine of judicial estoppel applies "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *In re Commonwealth Institutional Securities, Inc.,* 394 F.3d 401, 406 (6th Cir. 2005), quoting *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001). In the bankruptcy setting, a debtor has an affirmative duty to disclose all of his assets to the bankruptcy court. *Stephenson v. Malloy,* 700 F.3d 265, 267 n. 2 (6th Cir. 2012)(citing 11 U.S.C. § 521(a)(1)). A cause of action is an asset that must be scheduled under § 521(a)(1). *See Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir. 2004). The Sixth Circuit explained that the doctrine of judicial estoppel applies in the bankruptcy context if:

> (1) [Plaintiff] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [Plaintiff's] omission did not result from mistake or inadvertence. In determining whether [Plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether: (1) [he] lacked knowledge of the factual basis of the undisclosed claims; (2) [he] had a motive for concealment; and (3) the evidence indicates an absence of bad faith.

*White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472, 478 (6th Cir. 2012). Praxair submitted the public record of Taylor's bankruptcy action filed before the Bankruptcy Court to support its motion to dismiss this case.

The Bankruptcy Action was filed on March 18, 2010 and discharged on July 9, 2010 with a finding of no assets. (Doc. No. 17, Exs. 1 and 5) The Schedule and Amended Schedule filed by

Taylor before the Bankruptcy Court, Case No. 10-48741, did not identify Taylor's claim before the EEOC filed on August 20, 2009. (Doc. No. 17, Exs. 3 and 4) The EEOC issued a Notice of Right to Sue on July 5, 2011, after the discharge order issued by the Bankruptcy Court. (Comp., ¶ 8)

Praxair has properly supported its motion, based on the documents submitted. Specifically, Taylor in Schedule B filed before the Bankruptcy Court, indicated "none" as to whether he had "[o]ther contingent and unliquidated claims of *every nature*, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each." (Doc. No. 17, Ex. 3, Sched. B, Question 21)(italics added). The inference of the bankruptcy filings and the Complaint in this case is that Taylor assumed a position that was contrary to the one he asserted under oath in the bankruptcy proceedings. Taylor asserted in the bankruptcy proceeding he had no assets, yet he had filed a claim before the EEOC in 2009, prior to the filing of his bankruptcy petition in 2010. Based on Taylor's assertions in his schedules, the Bankruptcy Court adopted the contrary position, both as a preliminary matter and as part of the final disposition discharging Taylor's debts and finding that Taylor had no assets.

In determining whether Taylor's conduct resulted from mistake or inadvertence, this Court finds Taylor did not lack knowledge of the factual basis of the undisclosed claim against Praxair since the EEOC claim was filed in 2009 and the bankruptcy petition was filed in 2010. As to motive for concealment, it is not clear that Taylor himself attempted to hide any potential asset since Taylor claims his bankruptcy counsel was told about the discrimination claim against Praxair. There is no evidence of bad faith since Taylor indicates his bankruptcy counsel had knowledge of the EEOC claim.

Because the Court is unable to determine whether Taylor's omission of the discrimination

claim was a mistake or inadvertence, the Court will not apply judicial estoppel in this case at this time. However, the Court dismisses the action without prejudice to allow Taylor to seek relief from the bankruptcy court. It is noted the Bankruptcy Trustee is not before the Court. The Trustee is the real party in interest and is the representative of the bankruptcy estate who may sue and be sued. 11 U.S.C. § 541(a)(1). The Trustee is not barred from pursuing any claim on behalf of the estate. *See Stephenson v. Malloy,* 700 F.3d 265, 272 (6th Cir. 2012). A debtor's errors or omissions should not be attributed to the Trustee for purposes of judicial estoppel. *Id.*

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Praxair's Motion for Judgment on the Pleadings **(Doc. No. 17)** is DENIED without prejudice.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice pending Plaintiff seeking relief from the Bankruptcy Court as to whether Plaintiff's discrimination claim can be pursued.

IT IS FURTHER ORDERED that this action is CLOSED on the Court's docket.


                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated: May 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager