**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


KENDRICK TAYLOR,

      Plaintiff,                                  Case No. 11-14051
                                                    Honorable Denise Page Hood

v.

PRAXAIR,

      Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Praxair's Motion for Reconsideration of the Court's Order denying without prejudice Praxair's Motion for Judgment on the Pleadings, but dismissing the action without prejudice allowing Plaintiff to seek relief from the Bankruptcy Court as to whether Plaintiff (or the Bankruptcy Trustee) is able to pursue Plaintiff's discrimination claim. Praxair relies on a Sixth Circuit case it cited in a supplemental brief filed after oral arguments were held in response to Plaintiff's oral presentation at the hearing, *White v. Wyndham Vacation Ownership, Inc.,* 617 F.3d 472 (6th Cir. 2012). Praxair argues that this case supports its request to apply judicial estoppel in this case and to dismiss the action *with prejudice*. It is noted that Praxair's initial brief and the Court in its Order denying Praxair's Motion for Judgment on the Pleadings cited the *White* case.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule

further states:

> (3) **Grounds**. Generally, and without restricting the court's
> discretion, the court will not grant motions for rehearing or
> reconsideration that merely present the same issues ruled upon by the
> court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and
> the parties and other persons entitled to be heard on the motion have
> been misled but also show that correcting the defect will result in a
> different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments,

or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste.*

*Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are

aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d

10, 16 (1st Cir.1992)).

Praxair is re-hashing the same arguments it made in its initial brief and at the hearing in this

matter. The Court finds that Praxair has not demonstrated a palpable defect by which the Court was

misled. The Court declined to apply judicial estoppel in this case pending an opportunity for

Plaintiff to raise the matter before the Bankruptcy Court. Judicial estoppel is an equitable doctrine

to be invoked by the court at its discretion. *Pennycuff v. Fentress County Bd. of Educ.,* 404 F.3d

447, 453 (6th Cir. 2005). The Bankruptcy Trustee is the real party in interest as to the bankruptcy

estate and is not judicially estopped from pursuing a debtor's claim. *Stephenson v. Malloy,* 700 F.3d

265, 272 (6th Cir. 2012). Failure by a debtor to disclose any claim to the Bankruptcy Court does

not bar the Bankruptcy Trustee from pursuing such claim. *Id.* Praxair raised the judicial estoppel

issue in a Motion for Judgment on the Pleadings (not a summary judgment motion), which required

the Court to only consider the Complaint and any related public record in this matter. Based on the

Complaint and the public record attached to Praxair's motion, the Court, in is discretion, declined

to apply judicial estoppel *without prejudice* in this action, but instead dismissed the action *without*

*prejudice* to Plaintiff seeking relief from the Bankruptcy Court.

Accordingly,

IT IS ORDERED that Defendant Praxair's Motion for Reconsideration **(Doc. No. 25)** is

DENIED.

s/Denise Page Hood
UNITED STATES DISTRICT JUDGE


Dated:  March 26, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, March 26, 2014, by electronic and/or ordinary mail.


s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165